**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Barrow, et al., | No. CV-20-08064-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| NewRez LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants New Residential Mortgage, LLC's and NewRez LLC, d/b/a/ Shellpoint Mortgage Servicing's (hereafter "NewRez") Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim. (Doc. 21.) Plaintiffs James Barrow and George A. Tacker have filed a response, (Doc. 23.), and NewRez has filed a reply. (Doc. 24.) Having considered the pleadings, applicable statutes, and caselaw, the Court issues the following decision.

**I.      Background**

This is a dispute over Defendants' attempt to enforce a Deed of Trust against a parcel of real property located at 12888 East Ponce Drive, Prescott Valley, Arizona 85327 ("the Property"). Plaintiffs brought this case seeking a declaratory judgment that Defendants are not legally entitled to claim the real property or to enforce their dead of trust. (Doc. 19 at 10.) Additionally, Plaintiffs seek damages and relief against Defendants for Slander of Title, Wrongful Foreclosure, and alleged violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**A. Allegations of the Complaint**

The factual allegations of Plaintiffs' Amended Complaint are as follows: On or around September 25, 2007, Rebecca Borrow purchased the Property with a loan secured by a Deed of Trust with Carnegie Mortgage, LLC. (Doc. 19 at 3.) Shortly after this, Rebecca Borrow transferred her interest in the property to an LLC of which she was a member. (*Id*.) Eventually, in 2009, the Property was transferred a second time to Covey 2888, LLC ("the Covey LLC"), of which Rebecca Barrow and Plaintiff James Barrow were members. (*Id*. at 4.) After the Property was transferred to the Covey LLC, that entity started paying Rebecca Barrows' monthly mortgage payment on the Property. (*Id*.) In February 2010, Rebecca Barrow filed for Chapter 7 bankruptcy, and listed the Property in her bankruptcy schedule as a debt for which she was seeking relief. (*Id*.) She also listed the creditor holding the note and deed of trust on the Property in her schedule D filing. (*Id*.) In June of 2010, Rebecca Barrow was granted a complete discharge in her Chapter 7 bankruptcy filing. (*Id*.) After the bankruptcy, Rebecca Barrows did not reaffirm her debt on the Property, and since "the middle of 2010…no monthly mortgage payments were made by [Rebecca] Barrows, Covey 2888, LLC, or any recorded owner of the real property to any lender..." (*Id*. at 4-5.)

On or around February 9, 2018 the entity holding the Deed of Trust at that time, Ditech Financial, filed a Notice of Trustee Sale advising Plaintiffs that it would foreclose on the Property. (*Id*. at 6.) Plaintiffs allege that at the time of filing the Notice of Trustee Sale, Defendant the Mortgage Law Firm, and Ditech Financial were aware that no monthly mortgage payments had been made "for the last 2718 days." (*Id*. at 6.) Further, Plaintiffs state that "after recording the Notice of Trustee Sale for all to see, Ditech and [the Mortgage Law Firm]…went to the [] Property where a tenant was residing and provided the tenant with a copy of the Notice." (*Id*.) As a result, that tenant stopped paying rent to the Plaintiffs. (*Id*.) After the Notice of Trustee Sale had been filed, on or around September 13, 2019, Defendant NewRez was assigned the Deed of Trust on the Property by Ditech Financial. (*Id*. at 5.) Allegedly, NewRez has been mailing monthly statements to Rebecca Barrows

advising that she still owes on the real property "despite the fact that the obligation to pay the underlying note was discharged in bankruptcy in June 2010." (*Id*.) On August 3, 2019 the Covey LLC transferred title to the Property to James Barrow and George A. Tacker, the Plaintiffs bringing the present action. (*Id*. at 9.)

Plaintiffs assert that the Defendants' right to foreclose or hold a trustee sale is barred by the applicable statute of limitations. Plaintiffs argue that the Defendants' right to foreclose is governed by A.R.S. § 33-816 which states that a trustee's sale of trust property shall be made "within the period prescribed by law for the commencement of an action on the contract secured by the trust deed." Further, Plaintiffs argue that the applicable statute of limitations for the contract secured by the deed of trust is six years. (*Id*. at 6 (citing A.R.S. § 12-548(A)(1)).) Plaintiffs contend the statute of limitations in this case began to run after Rebecca Barrow was discharged in June of 2010, and as such, the six-year limitation passed in June of 2016, more than two years before Defendants noticed the Trustee Sale. (*Id*. at 7.) This forms the basis of each of the Plaintiffs' claims. Plaintiffs allege that because the statute of limitations had passed, the deed of trust was unenforceable. As such, Plaintiffs argue that by recording a Notice of Trustee Sale, Defendants have slandered Plaintiffs' title to the Property. (*Id*. at 11.) Further, Plaintiffs allege that in the absence of an enforceable deed of trust, Defendants' actions constitute a wrongful foreclosure. (*Id*. at 12.) Plaintiffs also seek a declaratory judgement from the Court to the effect that the Deed of Trust is unenforceable and that Defendants have no right to the Property. (*Id*. at 10.) Finally, Plaintiffs bring a claim under the FDCPA, alleging that Defendants have violated federal law by attempting to enforce and collect a debt that is barred by law from being enforced. (*Id*. at 13-14.)

**B. Facts Established by Judicially Noticed Documents**

NewRez has offered several additional documents for the Court's consideration in deciding this motion.[1] (Doc. 21 at 14-75.) The Court takes judicial notice of the documents

---

[1] While normally the Court will not look outside the allegations when deciding a motion to dismiss, "[a] court may…consider…documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 907-08

- 3 -

attached to Defendants' motion which establish the following facts: The Covey LLC obtained title to the Property by a quitclaim deed recorded on May 21, 2009. (Doc. 21 at Ex. C.) Rebecca Barrow filed for Bankruptcy on January 20, 2010 and received her discharge in Bankruptcy Court on June 7, 2010. (*Id.* at Ex. E.) On May 11, 2012, the original holder of the Deed of Trust assigned their interest in the deed to CitiMortgage Inc. (*Id.* at Ex. F.) On July 24, 2012, more than two years after Ms. Barrow obtained her discharge, CitiMortgage Inc. obtained an order from the bankruptcy court lifting the automatic bankruptcy stay on the Property. (*Id.* at Ex. G.) Subsequently, CitiMortgage Inc. assigned its interest to Ditech Financial, who eventually assigned its interest to New Residential Mortgage on September 5, 2019. (*Id.* at Ex.'s H, L.) On September 19, 2019, Plaintiffs filed the present suit against Ditech Financial, and on February 5, 2020 the NewRez filed a motion to intervene as the real party in interest. (Doc. 1.)

NewRez filed a motion to dismiss Plaintiffs' claims on May 18, 2020, (Doc. 21), arguing that the bankruptcy code and applicable caselaw demonstrates that the statute of limitations on their claim has not expired. NewRez argues that because their Notice of Trustee Sale was actually brought within the time period set by the applicable statute of limitations, all Plaintiffs' claims must be dismissed. (*Id.* at 2.)

## II.     Standard of Review

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal

---

(9th Cir. 2003). Defendants have requested the Court take judicial notice of these documents. Plaintiffs do not address the request in their response, and it appears to the Court the documents are property the subject of judicial notice.

- 4 -

theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1202, at 94–95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. Analysis

#### A. Applicable Statute of Limitations

Defendants filed their Notice of Trustee Sale within the six-year statute of limitations because the statute of limitations was tolled by the bankruptcy stay against the Property until July 24, 2012.

Under Arizona law, "any action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the contract secured by the trust deed." A.R.S. § 33-816. The applicable "period prescribed by law" in this case is six years. A.R.S. § 12-548. However, the statute of limitations is tolled by a bankruptcy stay, and will not run until the stay is lifted. *Mlynarczyk v. Wilmington Sav. Fund Soc'y FSB*, No. CV-15-08235-PCT-SPL, 2016 U.S. Dist. LEXIS 87462, at *14 (D. Ariz. Apr. 29, 2016)

(citing *In re Smith*, 209 Ariz. 343, 345 (Ariz. 2004)); *see also U.S. Bank NA v. Va Bene Trist, LLC (Va Bene Trist, LLC)*, Nos. Chapter 12 Proceedings, 2:17-bk-00993-DPC, 2017 Bankr. LEXIS 3726 (Bankr. D. Ariz. Oct. 26, 2017). "[T]he stay of *an act against property of the estate*…continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1) (emphasis added). In chapter 7 proceedings concerning an individual, "[T]he stay of *any other act*…continues until…a discharge is granted." 11 U.S.C. § 362(c)(2) (emphasis added). Filing a Notice of Trustee Sale is considered "an act against the property of the estate." *Mlynarczyk*, 2016 U.S. Dist. LEXIS 87462, at *15-16 (citing 11 U.S.C. § 362(a)(3), (5)).

Here, because filing of a Notice of Trustee Sale is an act against the property of the estate, the termination of the bankruptcy stay is governed by 11 U.S.C. § 362(c)(1). This means the bankruptcy stay remained in place, and the statute of limitations remained tolled, until the bankruptcy court lifted the stay as to the Property on July 24, 2012. (Doc. 21 at Ex. G.) Defendants filed their Notice of Trustee Sale with the Yavapai County Recorder's Office on February 9, 2018. (Doc. 19 at 6.) As such, Defendants' efforts to enforce the Deed of Trust commenced more than five months prior the expiration of the statute of limitations.

Plaintiffs' argument that the stay was lifted on June 7, 2010, when Rebecca Barrow was personally discharged from bankruptcy, is incorrect. Plaintiffs base their argument on 11 U.S.C. § 362(c)(2)(C) which lifts the bankruptcy stay as to certain acts at "the time a discharge is granted." However, § 362(c)(2), clearly states that it only lifts the stay for acts *other than* "act[s] against property of the estate." Because filing a Notice of Trustee Sale is an act against the property of the estate, this provision is inapplicable. Rebecca Barrow's discharge did not lift the stay against the Property and the statute of limitations remained tolled until the bankruptcy court issued an order lifting the stay on July 24, 2012. (Doc. 21 at Ex. G.)

### B. Resolution of the Plaintiffs' Claims

Because the Court finds that the Notice of Trustee Sale was filed within the

applicable statute of limitations, the Plaintiffs' claims must be dismissed. Each of Plaintiffs' claims depends on the assertion that Defendants are wrongfully seeking to enforce an invalid Deed of Trust. (Doc. 19 at 10-14.) Yet Plaintiffs' argument that the Deed of Trust is invalid fully depends on the Court finding that the statue of limitations for its enforcement has passed. As the Court details above, the statute of limitations has not passed on the Deed of Trust, and Defendants' efforts to enforce it are perfectly permissible. Thus, Plaintiffs cannot state a claim for Slander of Title because Defendants' Notice of Trustee Sale is valid and does not contain the "false" information Plaintiffs' claim. Plaintiffs' cannot state a claim for Wrongful Foreclosure because Defendants' efforts to foreclose are being brought under a valid and enforceable Deed of Trust.  For similar reasons, Plaintiffs cannot state a claim for violations of the FDCPA because Defendants' are legally entitled to foreclose on their Deed of Trust. Finally, Plaintiffs are not entitled to a declaratory judgment that "the Defendants are not legally entitled to claim title to the [Property] or enforce any Deed of Trust," because Defendants' Deed of Trust is valid and enforceable within the statute of limitations.[2]

### C. Amendment

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also*

---

[2] Because of the Court's finding that the bankruptcy stay tolled the statute of limitations until July 24, 2012, it is unnecessary for the Court to resolve the parties remaining arguments. The Court need not determine a bankruptcy discharge's effect on accrual of a cause of action or acceleration of the loan. Even if such discharge would normally accelerate a loan, the bankruptcy stay still tolled the statute of limitations for actions against the property until the Bankruptcy Court lifted the stay. The Court also need not determine the scope of the FDCPA's application to the parties. Even assuming the FDCPA did apply, Defendants' efforts did not seek to enforce an unenforceable debt as Plaintiffs' claim.

*Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("It is properly denied, however, if amendment would be futile.").

Here the Court finds that allowing amendment of Plaintiffs' complaint would be futile. To quote the Plaintiffs', "these dates are a simple matter of record." (Doc. 23 at 7.) Even if the Court allowed Plaintiffs' to amend their allegations, they could not overcome the judicially noticeable facts establishing that Defendants filed their Notice of Trustee Sale within the six-year statute of limitations. For this reason, Plaintiffs' Amended Complaint will be dismissed with prejudice.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss the Plaintiffs' amended complaint (Doc. 21) is **granted** and the complaint is **dismissed with prejudice.**

Dated this 11th day of March, 2021.

Honorable Susan M. Brnovich
United States District Judge